# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Ney

v.

Smith

March 27, 2000

Case No. CL990462

BY JUDGE JOHN E. KLOCH

This matter came on to be heard on the Plaintiff's motion *in limine*, to wit, "For determination of qualifications of expert witness." The issue is whether the Plaintiff's medical expert witness, whose license to practice medicine has been suspended for reasons which the court has determined to be unrelated to his medical expertise, will be permitted to testify to opinions which he formed at a time when he was properly licensed. In reaching a decision, I have considered the motion and oral argument as well as submitted memoranda.

Counsel for the Defendant objects, citing *Lee Gardens v. Arlington County Board*, 250 Va. 534 (1995), wherein the Supreme Court of Virginia prohibited an expert, called by a party to render an opinion on a real estate appraisal, from testifying for the reason that he was not properly licensed and therefore prohibited by § 54-1-2011(A), Code of Virginia.

As Plaintiff's counsel aptly points out, the general rule in Virginia is that nearly anyone can be qualified as an "expert" and that a proposed expert need not have all the knowledge possible but he or she may testify as an expert if it is shown that he or she has sufficient knowledge of the subject to give value to his or her opinion. *Norfolk & W. R. Co. v. Anderson*, 207 Va. 567 (1966). Further, the witness need not be highly qualified. All that is necessary is that he or she be better qualified than the jury to form an inference from all the facts. *Aster v. Gross*, 7 Va. App. 1 (1988). I am of the initial opinion, therefore, that any limitation upon the general rule must be strictly construed.

In the case at bar, the facts as represented by Plaintiff's counsel are that when the witness physician treated the Plaintiff and rendered his opinion relating to causal connection and medical necessity, he was properly licensed in the Commonwealth, and only thereafter his license was suspended.

The facts in *Lee Gardens v. Arlington County Board* are quite different. There, the witness had never been licensed and was not qualified to get a license for the reason that he had not "completed the course work." Additionally, and more importantly, the Court there relied upon a specific statute which prohibited anyone without a license from rendering an appraisal of real estate for compensation. The Court there concluded that in-court testimony about the value of real estate was an appraisal and therefore prohibited the testimony.

Here, there is no similar specific statute, and in fact, the witness was properly licensed when he formed his opinion. I am of the opinion that neither statutory nor case law prohibits the medical witness from testifying to opinions which he formed when licensed, assuming he is otherwise qualified. His testimony will be limited to those opinions only and not any that he might now have.

With respect to Plaintiff's counsel's question regarding the extent of questioning on the issue of the witness's suspension, I rule that, if, on cross-examination, Defense counsel elicits that the witness's license is now suspended, Plaintiff's counsel will be permitted to elicit that the suspension is not related to the witness's medical expertise. No further questioning on that issue by either side will be permitted.